[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 7, 1993 Date of Application May 7, 1993 Date Application Filed May 7, 1993 Date of Decision March 22, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Fairfield. CT Page 4465
Docket No. CR92-71550;
David M. Abbamonte, Esq., Defense Counsel, for Petitioner
Richard Palombo, Esq., Assistant State's Attorney, for the State
[BY THE DIVISION]
After trial by jury, petitioner was convicted of larceny in the first degree, in violation of Connecticut General Statutes § 53a-122(a)(3). As a result of such conviction petitioner was committed to the custody of the commissioner of corrections for twenty years with execution suspended after nineteen years. He was placed under the supervision of the Department of Adult Probation for five years.
The facts underlying petitioner's conviction indicate that he was in possession of a stolen automobile. The evidence indicated that petitioner had reconditioned the vehicle and was offering it for sale.
Petitioner's attorney claimed that the sentence was excessive and should be reduced. He noted that the maximum sentence for this offense was twenty years. This sentence was imposed on petitioner with only one year suspended. The attorney pointed out that petitioner did not steal the car, that he only offered it for sale for another. There was no violence involved in petitioner's offense and, the attorney argued that the punishment imposed did not fit the crime.
Speaking on his own behalf petitioner stated that he was not guilty of the offense.
The state's attorney argued that the sentence should stand. He pointed out that petitioner had twenty-seven prior convictions, many of which were felonies. The state's attorney argued that the sentencing judge properly considered CT Page 4466 petitioner's extensive criminal record in imposing sentence. He argued that this incarceration was necessary to protect society.
In imposing sentence the judge reviewed petitioner's extensive prior criminal record and concluded that he was not a suitable candidate for rehabilitation. The judge's conclusion is properly supported by the record.
Considering the character of the offender and the need to protect the public interest, it cannot be found that the sentence imposed was inappropriate or disproportionate.
Sentence affirmed.
Purtill, J.
Klaczak, J.
Norko, J.
Purtill, J., Klaczak, J. and Norko, J. participated in this decision.